UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

| | | | |
|---|---|---|---|
| Case No. | CV 12-6159 DSF (AGRx) | Date | 8/16/12 |
| Title | Vernon E. Thompson v. Proper T View, Inc., et al. | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge |
|---|---|

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** (In Chambers) Order GRANTING Motion to Remand (Docket No. 8) and DENYING As Moot Defendant's Motion to Dismiss (Docket No. 6)

The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15. The hearings set for August 27, 2012 and September 17, 2012 are removed from the Court's calendar.

On July 17, 2012, Defendant Wells Fargo Bank N.A. removed this action from state court.

Suits filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c).

Wells Fargo claims that this Court has subject matter jurisdiction on the basis of diversity, 28 U.S.C. § 1332(a). (Notice of Removal at 2.) Federal courts have diversity jurisdiction over civil actions in which (1) the amount in controversy exceeds $75,000 and (2) there is complete diversity of citizenship between the opposing parties. 28 U.S.C. § 1332(a). Wells Fargo does not dispute that Defendant Proper T View, Inc., is not diverse from Plaintiff. (Notice of Removal at 16-17; Compl. ¶¶ 1, 4.) However, Wells

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MEMORANDUM**

Fargo claims that Proper T's citizenship should be disregarded because it was fraudulently joined. (Notice of Removal at 16-17.)

"Fraudulent joinder is a term of art. If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987). The fraudulent joinder doctrine requires courts to disregard the citizenship of defendants when no viable cause of action has been stated against them, or when evidence presented by the removing party shows that there is no factual basis for the claims alleged against the defendants. See Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001). "There is a presumption against finding fraudulent joinder, and defendants who assert that plaintiff has fraudulently joined a party carry a heavy burden of persuasion." Plute v. Roadway Package Sys., Inc., 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001). "[T]he defendant must demonstrate that there is no possibility that the plaintiff will be able to establish a cause of action in State court against the alleged sham defendant." Good v. Prudential Ins. Co. of Am., 5 F. Supp. 2d 804, 807 (N.D. Cal. 1998). "[I]f there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." Hunter v. Philip Morris USA, 582 F.3d 1039, 1046 (9th Cir. 2009) (quoting Tillman v. R.J. Reynolds Tobacco, 340 F.3d 1277, 1279 (11th Cir. 2003)).

The Court concludes that Proper T was not fraudulently joined. Plaintiff seeks an order setting aside the trustee's sale of his foreclosed property and ordering that the trustee's deed upon sale be delivered to Plaintiff. (See Compl. at 8.) The property was sold to Proper T. (Id. ¶ 15.) Thus, Proper T is likely a necessary party to this litigation. See Fed. R. Civ. P. 19(a)(1)(B) (stating that joinder of a party is required where "that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: [] as a practical matter impair or impede the person's ability to protect the interest").

Because it is clear that Proper T was not fraudulently joined, diversity does not exist, Plaintiff's motion to remand is GRANTED, and the action is remanded. Defendant's motion to dismiss is DENIED as moot.

IT IS SO ORDERED.